IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EVA COWAN                                                                                           PLAINTIFF

        v.                         Civil No. 11-2181

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff, Eva Cowan, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

      The plaintiff filed her applications for DIB and SSI on October 14, 2008, alleging an onset date of September 21, 2007, due to depression and a herniated disk in her back. Tr. 12, 21, 52, 146-55. 198. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 88-98, 103-106. An administrative hearing was held on December 2, 2009. Tr. 43-87. Plaintiff was present and represented by counsel.

      At the time of the hearing, Plaintiff was 28 years old and possessed an eleventh grade education. Tr. 52, 341. Plaintiff also held certification as a nurse's aide, but indicated that she had not obtained her GED. Tr. 52. She had past relevant work "(PRW)" experience as a cashier, CNA, and newspaper carrier. Tr. 78, 179-181, 187-196, 199, 206-211, 246, 341.

      On June 4, 2010, the ALJ found plaintiff's degenerative disk disease ("DDD"), depression, and anxiety to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 14-16. After partially discrediting plaintiff's subjective

complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light, unskilled work involving only occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs. The ALJ concluded she could not climb ladders, ropes, or scaffolds. Tr. 16-20. With the assistance of a vocational expert, the ALJ found plaintiff could return to her PRW as a newspaper carrier or, in the alternative, perform work as a cashier II, fast food worker, or housekeeper. Tr. 20-22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 21, 2011. Tr. 1-6. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.     Discussion:**

The ALJ is required to take into account the dosage, effectiveness, and side effects of all medications prescribed to the Plaintiff. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). In the present case, the ALJ failed to do so.

Medical records reveal that Plaintiff injured her back in September 2007, while lifting a patient. Objective testing revealed degenerative changes in the lumbar spine and a six millimeter right foraminal disk protrusion involving the L5-S1 level resulting in mild right lateral recess and neuroforaminal

3

stenosis. Over the years, Plaintiff consistently followed up with pain specialist Dr. Ronald Myers. He prescribed Lorcet, Soma, Valium, Xanax, and Prozac. At the time of the hearing, Plaintiff testified that she was taking Lorcet, Xanax, and Prozac. Tr. 70. Noted side effects of the pain reliever Lorcet include lightheadedness, dizziness, and sedation. *See* PDR Network, LLC, *Lorcet*, http://www.pdrhealth.com/drugs/lorcet (Last accessed June 18, 2012). Patients are specifically warned to speak with their doctor before combining Lorcet with anti-anxiety agents. *Id*. Similarly, the anti-anxiety medication, Xanax, causes drowsiness, tiredness, fatigue, impaired coordination, memory impairment, dizziness, and lightheadedness. *See* PDR Network, LLC, *Xanax*, http://www.pdrhealth.com/drugs/xanax (Last accessed June 18, 2012).

Plaintiff testified that the prescribed medications made her sleepy and dizzy, and the medical records support this assertion. Tr. 72, 382. She also reported poor memory and difficulty concentrating. Tr. 73. In February 2009, Dr. Terry Efird noted some mild problems with Plaintiff's ability to pay attention. Tr. 340-343. And, in February 2011, Dr. Patricia Walz found Plaintiff's attention and concentration to be significantly impaired, likely due to sedation from medication, and she concluded that her speed of information processing was slow. Tr. 465-471. However, neither Plaintiff's self reports of side effects nor the psychologists' documentation of the sedative effects of her medications were considered by the ALJ or included in the hypothetical questions posed to the vocational expert. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008) (recognizing that VE's testimony is substantial evidence when it is based on accurately phrased hypothetical capturing concrete consequences of claimant's limitations). Accordingly, remand is necessary to allow the ALJ to properly consider the side effects of Plaintiff's medications. These side effects should be included in the hypothetical questions posed to the vocational expert.

On remand, the ALJ should also contact Plaintiff's treating physician to obtain an RFC assessment. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (an ALJ's determination

4

concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace, Plaintiff's treating physicians should be asked to provide their qualified medical opinions). We note that the two assessments prepared by Dr. Schlabach indicate that they were based on Plaintiff's own subjective reports. Absent these assessments, which the ALJ properly discredited, the only RFC assessment remaining was completed by a non-examining physician. Given that Plaintiff has been diagnosed with chronic degenerative disk issues, herniated disks, and radicular pain, as well as prescribed medications that are typically prescribed to treat moderate to moderately severe pain, we can not say that substantial evidence supports the ALJ's RFC assessment. Therefore, remand is also necessary to allow the ALJ to further develop the record regarding Plaintiff's RFC. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995) (ALJ must fully and fairly develop the record so that a just determination of disability may be made).

IV.     **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of June 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)