IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EVA COWAN                                                                                           PLAINTIFF

      v.                                         CIVIL NO.:11-2181

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   Procedural Background:**

Plaintiff, Eva Cowan, appealed the Commissioner's denial of benefits to this court. On July 16, 2012, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 12.

Plaintiff now moves for an award of $4,820.25 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), for 18.00 attorney hours performed in 2011 at a rate of $174.00 per hour; 2.15 attorney hours in 2012 at a rate of $180.00; and, 17.35 paralegal hours at an hourly rate of $75.00. ECF No. 13. The Defendant has filed a response to Plaintiff's motion, objecting to the number of attorney and paralegal hours requested. ECF No. 16. Plaintiff also filed a reply on October 25, 2012. ECF No. 17. A hearing was held regarding this matter on January 24, 2013.

**II.   Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

AO72A
(Rev. 8/82)

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

AO72A
(Rev. 8/82)

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

### III.   Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11-12. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF Nos. 16. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

3

### A. Hourly Rate for Services Performed:

Plaintiff requests a total award of $4,8,20.25 under the EAJA. Specifically, she requests these fees be paid at an hourly rate of $174.00 for work performed in 2011 and $180.00 for work performed in 2012. These hourly rates are authorized by the EAJA because counsel has submitted proof supporting his request for a higher fee.

Plaintiff's counsel has also requested compensation for paralegal hours at the rate of $75.00 per hour. The undersigned finds $75.00 to be a reasonable rate for the services of a trained paralegal. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008). Accordingly, we find that the EAJA authorizes the reimbursement of paralegal services at the rate of $75.00 per hour.

### B. Adminstrative Tasks:

The Defendant objects to counsel's request for both attorney and paralegal time associated with tasks that were performed prior to the filing of the complaint in federal court. Citing *Sullivan v. Hudson*, 490 U.S. 877 (1989), the Defendant contends that Plaintiff's attorney is not entitled to recover EAJA fees for any hours of work performed before a district court action begins. We disagree. An attorney is expected to be familiar with his case prior to filing a complaint in federal court. At the very least, this will require him to review notes from the administrative proceedings. Counsel must also meet with his client/prospective client, determine whether his client is a candidate for *in forma pauperis*, and prepare the complaint for filing with the court. And, counsel should be compensated for a reasonable amount of time associated with these tasks.

In this case, counsel testified that the Plaintiff had come to him for assistance, after her agency level counsel withdrew from the case and refused to file an appeal on her behalf. Given that counsel had to familiarize himself with the case to determine whether or not an appeal would be futile, we find that he is entitled to the pre-complaint time requested.

AO72A
(Rev. 8/82)

### C. Duplicative Tasks:

The Defendant next objects to a number of the attorney and paralegal hours requested, complaining that the hours overlap and are duplicative. The undersigned acknowledges that many of the hours are duplicative, but finds the duplication to be justified in the present case. Plaintiff's counsel is visually impaired and requires the services of a paralegal to read and summarize the transcript and medical evidence, assist him with legal research, and assist him with the preparation of the appeal brief.[1] *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). Therefore, the Defendant's objections to paralegal and attorney hours for tasks involving preparation of the complaint; post-Complaint review of the administrative transcript and case file; legal research; drafting, editing, and reviewing the appeal brief; and, drafting, editing, and reviewing the EAJA motion should be overruled.

### D. Clerical Tasks:

The Defendant also argues that many of the paralegal hours requested do not involve tasks that require the expertise of a paralegal. We are governed by *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and hearing argument in open court, the undersigned finds that the following tasks are clerical in nature: paralegal's pre-complaint reading of the record to counsel; paralegal's travel to and from ODAR to go over the IFP with the attorney and obtain his signatures for the complaint and related documents; and, paralegal's review of complaint and

---

[1] We note that social security transcripts contain a great deal of medical evidence that include various abbreviations and notations with which the average lay person would be unfamiliar. Thus, a reasonable amount of paralegal and attorney time will generally be rewarded for reading the administrative record, researching the relevant case law, and preparing the appeal brief.

5

AO72A
(Rev. 8/82)

summonses issued by clerk and returned by clerk and initiation of tripartite service by certified mail. Accordingly, we recommend reducing counsel EAJA award by 5.25 paralegal hours.

The following tasks are found to be at least quasi-legal in nature, and are therefore compensable under the EAJA: paralegal's pre-complaint IFP interview with the client; paralegal's post-complaint reading of the administrative record to counsel; paralegal's preparation of affidavits of service; paralegal's legal research; paralegal's assistance with the preparation of the appeal brief; and, paralegal's preparation of the EAJA motion and its supporting documentation. We find, however, that the time requested for the preparation of the EAJA motion is excessive. Counsel is entitled to no more than 2.00 paralegal hours and 1.00 attorney for the preparation of these documents.[2] Therefore, the undersigned recommends reducing counsel's paralegal hours by 1.00 hours and his attorney hours by .35 hours.

      E.      **Payment of EAJA fees to Plaintiff's Counsel:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. And, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

      F.      **Award Recommendation:**

Based on the above, we recommend awarding Plaintiff attorney fees under the EAJA for: 18.00 attorney hours in 2011 at an hourly rate of $174.00, 1.80 attorney hours in 2012 at a rate of $180.00, and 11.10 paralegal hours at an hourly rate of $75.00, for a total award of $4,288.50 in attorney's fees. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

---

[2]We note that on first glance, it appears that counsel has requested a total of 10.00 paralegal hours for the preparation of the EAJA motion in this case. However, upon further review, counsel's October 12, 2012, entry for 3.00 hours is the only entry actually figured into his fee.

The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

## IV.     Conclusion:

Based upon the foregoing, the Court recommends awarding Plaintiff **$4,288.50** pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

Dated this 25th day of January 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)